DECISION OF DISMISSAL
This matter is before the court on its own motion to consider whether Plaintiff may pursue the above-referenced appeal on an issue not raised in the original Complaint filed September 28, 2005. The court instructed the parties to address that issue by written memorandum. Both parties have filed briefs and the court, after due consideration, has concluded that Plaintiff may not raise the issue and that the case should be dismissed.
 I. OVERVIEW AND BACKGROUND
Plaintiff filed a Complaint on September 28, 2005, appealing from an omitted property "assessment" for tax years 2000-01 through 2004-05. The Complaint asserts that the "notice is in error because [s]ubject property is not subject to tax under ORS 307.190(1) and OAR 150-307.190 (2), as the use of the property is `for personal use, benefit or enjoyment.'" (Ptf's Compl at 1.) The relief requested in the Complaint was a reduction in "the real market value" to $0. (Id. at 2.) That was one of many WorldMark appeals filed in this court involving properties in various counties and raising the issue of whether certain of Plaintiff's personal property was exempt from taxation.
Attached to that Complaint was a notice from Defendant dated August 3, 2005, advising Plaintiff "that taxes for the following tax years will be assessed: 2000, 2001, 2002, 2003, and 2004." (Id. at 4.) Defendant's notice further advised Plaintiff that Plaintiff should "contact our *Page 2 
office by 5 p.m. on or before September 6, 2005 if there is any reason these corrections should not be made." (Id.)
Defendant responded to Plaintiff's Complaint by filing an Answer October 17, 2005. In its Answer, Defendant indicated that "the club is a business entity that is subject to personal property assessment and taxation." (Def's Answer at 1.) Defendant requested in its Answer that the court issue an order "confirming the assessment as established by the Klamath County Assessor." (Id.)
The case moved forward on the issue of whether the property qualified for exemption as personal property held and used for personal use and not for the production of income. Plaintiff was not successful in the prosecution of that issue. See e.g.,Worldmark, The Club, and Residence Club At Seaside OwnersAssociation, v. Department of Revenue, __ OTR __
(Opinion July 2010).[1]
Plaintiff notified the court by letter dated October 7, 2010, that it anticipated filing motions for dismissal involving many of the WorldMark appeals, but that there was an additional issue in the present case. Plaintiff requested that the court "reactivate" the appeal, which had been placed in abeyance pending the outcome of the appeal to the Regular Division of the Tax Court discussed above.
Plaintiff's representative Carol Lavine (Lavine), an attorney, advised the court during a November 23, 2010, proceeding that she was looking for the court to set dates for the occurrence of specific actions so that the case could move forward to resolution. Specifically, Lavine stated that the issue at this point was whether Defendant followed proper notice requirements under the omitted property assessment statutes, and that Defendant's representative had not responded to a *Page 3 
request for information regarding the omitted property assessment notices. It is Lavine's contention that notice was improper because Defendant issued a notice of intent as required by ORS 311.219, but never issued the notice required by ORS 311.223 advising Plaintiff that the rolls had been corrected.
The court advised Lavine that that issue did not appear to be raised in the Complaint and she would have to file a motion to amend the pleading to raise that issue, or otherwise address the question of whether the issue has been properly raised. Lavine commented that the original Complaint was filed by a "taxpayer representative" who is not an attorney, and that that representative brought the appeal before she, Lavine, was retained to represent Plaintiff. Lavine stated she was retained after the Oregon Department of Revenue became involved in the WorldMark appeals and raised "all the procedural issues." However, the "procedural issues" raised in the Regular Division had to do with the question of whether the appeal was properly and timely filed, because those appeals were filed following orders of the county board of property tax appeals based on requests for reductions in value. The issue in the Magistrate Division of the Tax Court was whether the property was exempt from taxation, a matter not directly pertaining to value.
Lavine responded to this court's November 30, 2010, verbal directive by filing a Memorandum Re: Necessity For Amended Complaint (Memo). In that Memo, Lavine indicates that the Oregon Department of Revenue intervened in several of the Worldmark appeals and that those cases were ultimately specially designated to the Regular Division of the Tax Court.[2] It was after the special designation that Lavine was hired to represent Plaintiff. Those cases were specially designated in 2009. See e.g., Worldmark The Club v.Lincoln County Assessor and *Page 4 Oregon Department of Revenue, TC 4910 (Sept 21, 2009). Lavine further states in her Memo that it was only after she was retained by Plaintiff "to represent Plaintiff in its opposition to Department's dismissal motions, [that] it came to Plaintiff's attention that Assessor may not have followed proper procedure in making the omitted property assessments at issue in the instant case." (Ptf's Memo at 2 (emphasis in original).) Plaintiff now seeks to challenge, or at least explore, the validity of Defendant's omitted property assessments made by Defendant in 2005.
 II. ANALYSIS
Tax Court Rule-Magistrate Division (TCR-MD) 1 B requires that a Complaint contain "facts showing how the plaintiff is aggrieved by the order, act, omission, or determination; and the grounds upon which the plaintiff contends it should be reversed or modified." Plaintiff's Complaint in the instant matter, filed September 28, 2005, indicates that the appeal involves "Omitted" property, and asserts that the order or notice "is in error because [the] [s]ubject property is not subject to tax under ORS 307.190 (1) and OAR 150-307.190 (2), as the use of the property is `for personal use, benefit or enjoyment.'" (Ptf's Compl at 1.) A copy of the notice is attached to the Complaint.
The Preface to the Magistrate Division Rules state "[i]f circumstances arise that are not covered by a Magistrate Division Rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant. TCR 18A(1) requires that a pleading "shall contain * * *[a] plain and concise statement of the ultimate facts constituting a claim for relief * * *." That rule further requires that the claim include "[a] demand of the relief which the party claims." TCR 18 A(2). More importantly, recognizing that a party may have more than one claim or defense, TCR 16 B requires that "[e]ach separate claim or defense shall be separately stated. Within each claim alternative theories of recovery shallbe identified as separate counts." (Emphasis added.) *Page 5 
TCR 16 C provides in relevant part: "[a] party may also state as many separate claims or defenses as the party has regardless of consistency and whether based upon legal grounds, equitable grounds, or upon both legal and equitable grounds."
In its Motion, Plaintiff notes that this appeal was initially filed by Greg Damico, who is a Certified Public Accountant (CPA), and not an attorney, and that the assessor was likewise represented by a non-lawyer. (Ptf's Mot at 1, 3.) Plaintiff argues that "the magistrate division is designed to make it easy for non-lawyers to resolve disputes," and that "it wasn't until Plaintiff required the services of counsel in a related case that the additional issue, that of proper statutory notice required by ORS 311.219 and 311.223, was discovered." (Id. at 3.)
The court does not believe that the interests of justice would be served by allowing parties not represented by attorneys to file pleadings requesting a specific form a relief (exemption from taxation), and then come back to the court some five years later, with legal representation, and challenge the sufficiency of the underlying notice that prompted the appeal, notwithstanding the fact that the case has been in abeyance pending the outcome of the same issue, argued by essentially the same parties in related cases, following unsuccessful rulings in both the Magistrate Division and the Regular Division of the Tax Court. The time to challenge the sufficiency of the notice was when Plaintiff filed its appeal in September 2005, rather than waiting until November 2010, after the related appeals were denied.
The court acknowledges that the rules of both the Magistrate Division and the Regular Division of the Tax Court provide for liberal construction of pleadings. However, to allow a party to file an appeal raising a single issue, one involving substance rather than procedure, and then assert a procedural challenge to the sufficiency of notice five years later is well outside the bounds of any view of liberal construction of a pleading. In this case, the effect of allowing Plaintiff to come along after-the-fact and challenge the notice could be a windfall for the *Page 6 
Plaintiff, if the court were to strike the notice as invalid under the statute. That is so because adding property to the rolls based either on a clerical error or omitted property is limited to five years from the last certified roll and, in this case, would achieve for Plaintiff the result that Plaintiff sought unsuccessfully to attain by arguing that the property was exempt from taxation. The assessments at issue covered tax years 2000-01 through 2004-05, and those years are now beyond the reach of the statute. Seegenerally ORS 311.205(2)(a) and ORS 311.216(1) (2005).
The only mechanism available to Plaintiff at this juncture would be for the court to allow Plaintiff to amend the pleading to include the newly-raised issue challenging the sufficiency of the 2005 assessment notice. TCR 23 A only allows for the amendment of a pleading "by leave of court or by written consent of the adverse party." The court declines to grant Plaintiff leave to amend, and Defendant has filed a written objection, stating in part that "[t]he County objects to the filing of an amended complaint that is now five years old. The only claim brought by the Plaintiff in the 2005 complaint was exemption." (Def's Response at 1.)
Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of March 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon March 1, 2011. The Court filed and entered this documenton March 1, 2011.
[1] The case number assigned by the court to that matter was TC 4801. The instant appeal, Worldmark, The Club v. Klamath CountyAssessor, TC-MD No 050856B, was placed in abeyance on November 30, 2005, at the request of the parties and by Order of the Court, pending the outcome of that appeal (TC 4801), which had been assigned Magistrate Division case number TC-MD No 050521C (Control).
[2] While several Worldmark cases were specially designated, the Magistrate Division did issue a decision in at least one case denying Plaintiff's claim that the personal property was exempt under ORS 307.190. Worldmark, The Club v. Lincoln County Assessorand Department of Revenue, TC-MD No 050521C (Control). *Page 1